Eddie **HILL**

v.

S. Lamont **SMITH**, Warden.

Civ. A. No. 14598.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 12, 1971.

Eddie Hill, pro se.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Courtney Wilder Stanton, Mathew Robins, Asst. Attys. Gen., Atlanta, Ga., for respondent.

ORDER

ALBERT J. HENDERSON, Jr., District Judge.

The State of Georgia has supplemented its response as directed by this court's order dated February 8, 1971. The affidavits and exhibits submitted by

the respondent conclusively refute the petitioner's allegations that Negroes were systematically excluded from the juries which indicted and convicted him. The petitioner, a Negro, was indicted July 30, 1968, by a Fulton County, Georgia, grand jury for the offense of murder. On September 10, 1968, he was sentenced to a term of life imprisonment pursuant to a jury verdict of guilty. The life sentence is alleged to be unconstitutional in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States because Negroes had been systematically excluded from the jury list in Fulton County. Whitus v. Georgia, 385 U.S. 545, 87 S. Ct. 643, 17 L.Ed.2d 599 (1967). The petitioner contends that the source of names used to formulate the jury list was the racially segregated Fulton County Tax Digest for the year of 1966–67.

Georgia Laws 1967, p. 251, amending Ga.Code Ann. § 59–106, was effective beginning March 30, 1967. This amendment related to the revision of jury lists and the method used by jury commissioners to choose grand and traverse jurors. Thereafter, the jury list was to be selected from the "Official Registered Voters' List" which was used in the last preceding general election. The master jury list for the years 1968–70 was certified by the jury commissioners in Fulton County on March 29, 1968.

The names of the grand jurors selected for the July, August Term, 1968, during which term the petitioner was indicted, were drawn on May 31, 1968. Of the 47 names drawn, 21% or 10, were Negro. It further appears that of the 21 grand jurors who participated in the indictment of the petitioner on July 30, 1968, that 29%, or 6, were Negro.

The names of the prospective petit jurors for the week of September 9, 1968, at which time the petitioner was tried, were drawn on April 30, 1968. 178 of the 181 names drawn are racially identifiable. Of these, 19%, or 33, were Negro.

A tabulation of those voters registered in Fulton County as of September 19, 1966, which was the cut-off date for those eligible to participate in the November, 1966, general election, shows that of 241,036 registered voters, 29%, or 70,496, were Negro.

The statistical summary and the chronology listed above refute the petitioner's allegations. The opportunity to discriminate did not exist, as in Whitus v. Georgia, *supra*, because the source for the jury list was not the segregated tax digest, it was the registered voters' list. In addition, the statistics cited fail to indicate a disproportionate representation of Negroes on either the grand or traverse jury venires.

In view of the affidavits and pleadings, there is no genuine issue as to any material fact which would entitle the petitioner to habeas corpus relief. Accordingly, the petition is denied.